LAYNE-BOWLER CHICAGO COMPANY, Respondent, vs. PESH-TIGO PAPER COMPANY and another, Appellants.

*December 9, 1927—January 10, 1928.*

*Mechanics' liens: Expiration of time for filing: Lien not reinstated by work not called for in contract.*

1. The time for filing a claim for a mechanic's lien cannot be extended by the fact that plaintiff's employee voluntarily did work which plaintiff was not required to do under its contract. p. 632.
2. A claim for a lien for drilling a well not having been filed within six months from the time the last work was performed, the right to a lien was lost, and the lien should be discharged of record. p. 632.
3. Where plaintiff's contract to drill the well was completed, the time for filing a lien cannot be extended because of the fact that defendant thereafter dug a trench for a discharge pipe, .which permitted surface water to reach the well, and which plaintiff repaired, since the contamination by surface water was not due to plaintiff's failure to properly perform the contract, but to defendant's work in laying the discharge pipe after it had accepted the well as a completed job. p. 633.
4. The fact that the employee of plaintiff testified to a conclusion of law that the work done by him, within six months before filing the claim, in filling the trench was necessary in order to com-

plete the well, was not sufficient to support the court's finding that plaintiff had established its right to a lien, in view of undisputed proof that the work done by the employee was in fact no part of the work required under plaintiff's contract. p. 633.

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Reversed.*

Action by the *Layne-Bowler Chicago Company* to foreclose a mechanic's lien for a balance due under a contract to drill a well for the *Peshtigo Paper Company.* A judgment was entered establishing and foreclosing the lien, from which this appeal was taken.

*Edgar L. Wood* of Milwaukee, for the appellants.

*R. R. Williams* of Marshfield, for the respondent.

STEVENS, J. (1) The claim for lien was filed in May, 1925. The well was completed and put in service in August, 1924. In March, 1925, an employee of the plaintiff company went to Peshtigo and asked for payment on the balance due upon the contract. While there he caused a few loads of dirt to be placed in a trench which had been dug by the *Peshtigo Paper Company* for the purpose of placing therein a discharge pipe that conducted the water from the well to the plant. The digging of the trench and the placing of the discharge pipe was no part of the work required under the contract of the plaintiff company. The paper company had had the trench dug and had the pipe installed. It had begun the filling of the trench before the plaintiff's employee appeared on the scene. The paper company had never suggested to the plaintiff company that it had not completed its contract nor requested it to fill this trench.

The time for filing a claim for mechanic's lien was not extended by the fact that the plaintiff's employee voluntarily did work which the plaintiff was not required to do under its contract. The claim for lien not having been filed within six months from the time that the last work was performed,

the right to a lien was lost and the judgment must be reversed and the lien discharged of record.

(2) The plaintiff company contends that the finding of the court establishing its right to a mechanic's lien should be affirmed because it appears that surface water reached the well through this trench dug for the discharge pipe and that the well could not be considered to be completed until it was in such condition that surface water would not reach it. But it clearly appears that this contamination by surface water was not due to the failure of the plaintiff company to properly perform its contract. It was due to the work done by the paper company in laying the discharge pipe after it had accepted the well as a completed job.

The conduct of the parties shows that they both understood that the plaintiff company had completed its contract. Under the contract the paper company was not required to pay anything, except an initial payment, for the drilling of the well until the work was completed. The plaintiff company was continually pressing for payment of the balance due. Despite the fact that the paper company was in financial difficulties, which subsequently led to a receivership, it continued to pay small amounts on the contract from the time the well was completed in August, without seeking to avoid payment on the ground that the well was not completed.

The fact that the employee of the plaintiff company that filled the trench in March testified to the conclusion of law that the work done by him was necessary in order to complete the well is not sufficient to support the finding of the court in view of the undisputed proof that the work done by him in March was in fact no part of the work required under the plaintiff's contract.

*By the Court.*—Judgment reversed, and cause remanded with directions to annul the lien.

ROSENBERRY, J., took no part.